## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PAMELA BURKE, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS |
| COMPASS GROUP USA, INC. d/b/a ) | |
| CANTEEN, ) | **JURY DEMANDED** |
| ) | |
| Defendant. | |

## JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. §12101 *et seq.* This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343, 1331 and 1367.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, Pamela Burke (hereinafter "Plaintiff") was employed by the Defendant Compass Group USA, Inc. d/b/a Canteen (hereinafter "Defendant").

4. Defendant is and was at all relevant times a corporation organized and existing under the laws of the State of Illinois.

5. Plaintiff has fully complied with the procedural requirements of the ADAAA. She filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant on February 23, 2017 and at all relevant times herein mentioned was employed as a secretary.

7. At all material times, Plaintiff performed her job according to her employer's legitimate expectations.

8. At all material times Plaintiff was disabled in that she had the medical condition of multiple sclerosis.

9. Defendant was aware the Plaintiff had the medical condition of multiple sclerosis.

10. On May 12, 2017, Defendant informed Plaintiff that she was being laid-off due to her position being eliminated.

11. Defendant's explanation for Plaintiff's termination was pretextual.

12. Defendant had another employee perform Plaintiff's duties despite her lay-off.

13. Defendant's reason for Plaintiff's termination is false and merely pretext for illegal discrimination.

14. Plaintiff was terminated because of her disability.

15. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

16. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of liquidated damages against Defendant in a sum as determined according to law and proof.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF DISABILITY**
**IN VIOLATION OF THE ADAAA**

17. Plaintiff realleges and incorporates paragraphs one (1) through sixteen (16) as though fully set forth at this place.

18. Plaintiff is disabled in that she has the medical condition of multiple sclerosis.

19. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

20. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because she is disabled.

21. Defendant's discrimination against Plaintiff was intentional.

22. Defendant discriminated against Plaintiff in the terms and conditions of employment in that she was terminated.

23. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

24. Defendant's reason for Plaintiff's termination is false and merely pretext for illegal discrimination.

25. Defendant's actions, as described above, are in violation of the ADAAA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her disability.

26. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted

her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Pamela Burke, by and through her attorneys, Ed Fox & Associates, Ltd. requests the following relief on all of her claims:

A. That the Defendant be required to pay to Plaintiff special damages, including, but not limited to, backpay with benefits and with interest, in amounts to be proven at trial;

B. That Plaintiff be granted general and compensatory damages, including but not limited to out of pocket costs, in an amount to be determined at trial;

C. That Plaintiff be granted liquidated damages in an amount to be determined at trial;

D. That Plaintiff be granted pre-judgment interest in an amount to be ascertained;

E. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, and litigation expenses; and

F. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Jonathan R. Ksiazek
                    Jonathan R. Ksiazek
                    ED FOX & ASSOCIATES, LTD.
                    Attorneys for Plaintiff
                    300 West Adams, Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    jksiazek@efox-law.com